UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN CENTER, L.P., a California Limited Partnership, and TIMOTHY HAIDINGER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation,<br><br>Defendant. | Case No. 3:17-cv-01776-JM-JLB<br><br>Assigned to: Hon. Jeffrey T. Miller Courtroom 5D<br><br>**ORDER: (1) GRANTING JOINT MOTION, AND (2) ENTERING STIPULATED PROTECTIVE ORDER**<br><br>**[ECF No. 24]** |

Presently before the Court is the parties' Joint Motion for Protective Order. (ECF No. 24). For good cause shown, the Court enters the parties' stipulated protective order as follows:

### STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**1.     Purposes and Limitations**

Discovery proceedings in this action may involve the production and

disclosure of trade secrets or other confidential and proprietary commercial or financial information, normally kept confidential by the parties, for which protection from public disclosure and from use for purposes other than prosecuting or defending this litigation may be warranted. The parties acknowledge that this Stipulated Protective Order ("Protective Order" or "Order") does not confer blanket protections on all responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 8, below, that this Order does not entitle them to file confidential information under seal.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, financial, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The parties have agreed to be bound by the terms of this Order in this action. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

**2.     Definitions**

For purposes of this Order, the following terms shall have the meanings set forth below:

2.1.    "Challenging Party" shall mean and refer to a Party that challenges a designation of information under this Order;

2.2.    "Confidential Information" shall mean information that qualifies for protection under Federal Rule of Civil Procedure 26(c);

2.3.    "Designating Party" shall mean and refer to a Party that designates information that it produces in responses to discovery as "CONFIDENTIAL";

2.4.    "Discovery Material" shall mean all information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony and transcripts), that are produced or generated in responses to discovery in this action;

2.5. "Expert" shall mean and refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action;

2.6. "Party" shall mean and refer to any party to this action, including all of its officers, directors, employees, consultants, attorneys, affiliates and subsidiaries (and their support staffs);

2.7. "Producing Party" shall mean and refer to a Party that produces Discovery Material in this action;

2.8. "Professional Vendors" shall mean and refer to persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

2.9. "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL";

2.10. "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Stipulation and Order do not cover (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under

no obligation of confidentiality to the Designating Party. However, if any Confidential Information or Protected Material becomes "publicly available" as the result of a breach or violation of this Order, or as the result of some other improper or inadvertent conduct, the parties shall nonetheless continue to treat such information as designated under this Order. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings in this captioned matter involving or relating to documents or any other information shall be subject to the provisions of this Order.

**4. <u>Duration</u>**

This Order shall continue to be binding throughout this action, including any appeal thereof. This Order, as an agreement, shall remain in effect until all Confidential Information is returned to the Producing Party or destroyed, as provided below. Within thirty (30) days after termination of this action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the Producing Party all Protected Material, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained. In the alternative, counsel for any Party receiving Protected Material may supervise the destruction thereof, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained. Counsel shall then advise counsel for the Producing Party in writing that all Protected Material, including all copies, prints, excerpts, and other reproductions thereof, however generated or maintained have been destroyed or returned. Notwithstanding the foregoing, counsel are entitled to retain an archival copy (in electronic form or otherwise) of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the parties' agreement

for confidentiality as set forth herein.

The terms of this Order, including all provisions restricting the communication and use of materials produced hereunder, shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this Order.

The parties' obligations to preserve the confidentiality of Protective Material produced under this Order shall survive the final termination of this action. Any person or entity granted access to Protected Material hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order shall be subject to this Court's. authority and jurisdiction, and to any relief the Court deems appropriate, including sanctions.

### 5. **Designating Protected Material**

By designating a document, testimony, or information derived therefrom as "CONFIDENTIAL", the Designating Party certifies to the Court and other Parties that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

#### 5.1. Documents

All confidentiality designations shall be made by the Designating Party at the time documents are produced by affixing the legend "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins). Affixing the legend "CONFIDENTIAL" on the cover of any multi-page document (except depositions, responses to interrogatories, responses to requests for admissions and similar discovery responses) shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. Designations of deposition

testimony shall be governed by Section 5.2. With respect to designations for interrogatory responses and responses to requests for admission, the responding party shall state, in the body of the discrete discovery response being designated, that it contains Confidential Information. Only those discrete interrogatory responses and responses to requests for admission specifically designated as "Confidential" in this action shall be deemed Protected Material.

### 5.2. Deposition Testimony

Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record before the close of the deposition or at some reasonable time thereafter. Arrangements shall be made with the court reporter taking and transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

### 5.3. Inadvertent Failures to Designate

An inadvertent failure to designate qualified information does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6. Challenging Confidential Designations

Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The Challenging Party shall initiate the challenge process by providing written

notice of each designation it is challenging (making specific reference therein to this section of the Order) and describing the basis for each challenge. The Designating Party shall respond to each challenge in writing within ten (10) days, stating with particularity the bases for asserting that the material is properly designated. If no timely written response is made to a challenge, the challenged designation is deemed void. If a timely written response is made to a challenge, counsel for the Parties shall, within five (5) days of the Designating Party's written response, confer in good faith in an effort to resolve the dispute.

If the Parties are unable to resolve a challenge without court intervention, the Designating Party shall file and serve a motion for a further protective order within twenty-one (21) days of the initial notice of challenge. Failure of the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7. **Access to and Use of Protected Material**

A Receiving Party may use Protected Material that is produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Unless otherwise ordered by the Court or permitted in writing by the Designated Party, a Receiving Party may disclose any information designated "CONFIDENTIAL" only to "Qualified Persons." For the purposes of the restrictions on disclosure and access to Protected Material set forth in this Order, "Qualified Persons" means:

(a) any Party;

(b) counsel for any Party, including their paralegals and clerical staff, consultants, and in-house counsel;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) court reporters (and their staff) engaged for depositions, hearings or trial;

(f) Professional Vendors who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(g) Reinsurance companies and their employees who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(h) witnesses in this action to the extent necessary for the conduct of this litigation who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(i) the author(s) or any recipient of the document or the original source of the information in any document or a custodian or other person who otherwise possessed or knew the information;

(j) third-party claim monitoring companies who have first signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(k) mediators or arbitrators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties;

(l) if the Court so elects, any other person as may be designated by order of this Court, after notice and hearing to all parties; and

(m) persons shown on the face of the document to have created or received it.

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order. Each Qualified Person to whom Protected Material is to be furnished, shown, or disclosed shall use said Protected Material solely for the purpose of this litigation and shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Order.

## 8. **Filing Documents Under Seal**

No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

If a Receiving Party's request to file Protected Material under seal is denied by the Court in whole or in part, then the Receiving Party may file in the public record all of such Protected Material, or such portion thereof as to which a sealing order was not granted.

### 9. **Inadvertant Disclosure of Privileged Information**

Documents falling under the protection of the attorney-client privilege, attorney work-product doctrine, or the accountant-client privilege which are inadvertently disclosed to an opposing party shall be immediately returned to the disclosing party. The opposing party shall immediately destroy all copies of the inadvertently disclosed documents. Any such document shall be regarded as not having been produced, and its inadvertent production shall not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity.

### 10. **Limitations and Modifications of Order**

Notwithstanding anything to the contrary herein, nothing in this Order shall restrict a party's ability to use or disclose its own documents or proprietary information. Nothing herein shall prevent disclosure and use of information beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure and use or, if the Court, after notice to all affected parties, authorizes such additional disclosures. The parties may, by stipulation, provide for exceptions to this Order, but no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification. Any party may seek an order of this Court modifying this Protective Order.

### 11. **Additional Parties**

In the event additional parties join or are joined in this Litigation, they shall not have access to Protective Information until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be bound by this Protective Order.

### 12. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL", that Party shall (a) promptly notify in writing the Designating Party, which notification shall include a copy of the subpoena or order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Stipulated Protective Order. The Designating Party shall bear the burden and expense of seeking protection in the court that issued the subpoena or order of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 13. Right to Further Relief

Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. This Order and Agreement may be enforced by an Order of specific performance, as well as any claim for damages.

### 14. Right to Assert Other Objections

Producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order, including designating or not designating any information "Confidential" shall not:

(a) operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

(b) prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

(c) prejudice in any way the rights of a party to seek a determination by this Court (i) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Order; or

(d) prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

(e) prejudice in any way the rights of a party to apply to this Court for a further protection relating to any information.

**15. Meet and Confer Before Trial**

Not later than twenty-one days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

**16. What the Court Shall Do With Confidential Documents**

Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

**17. Modification of the Protective Order by the Court**

The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

**18. Relation to Any Court or Local Rules**

Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

This Protective Order is agreed to by the undersigned parties this 12th day of April, 2018.

DATED: April 12, 2018    OSBORNE & NESBITT LLP

By: _ /s/ Gary W. Osborne
Gary W. Osborne
Attorney for PLAINTIFFS, Black Mountain Center, LP and Timothy Haidinger

| | | |
|---|---|---|
| DATED: April 12, 2018 | | ROPERS, MAJESKI, KOHN & BENTLEY |

By: /s/ Stephen J. Erigero
    Stephen J. Erigero
    Attorney for DEFENDANT, Fidelity and
    Deposit Company of Maryland

Dated: April 17, 2018

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____, 2018 in the case of *Black Mountain Center LP, a California Limited Partnership, and Timothy Haidinger, an individual, v. Fidelity and Deposit Company of Maryland, a Maryland Corporation,* United States District Court, Southern District of California Case No. 3:17-001776-JM-JBL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

/ / /

/ / /

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____